David E. Bower
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, California 90230
Tel: 310-446-6652
Fax: 212-202-7780
Email: dbower@monteverdelaw.com
Attorneys for plaintiff, Charlotte Muha

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| CHARLOTTE MUHA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS INC.,<br><br>Defendant. | Case No. 8:22-cv-00077-CJC-DFM<br><br>District Judge: Cormac J. Carney<br><br>Magistrate: Douglas F. McCormick<br><br>Trial Date: June 27, 2023 |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND TO STATE COURT**

Plaintiff Charlotte Muha, through counsel, has respectfully requested that this Court enter an Order remanding this matter to Orange County Superior Court pursuant to 28 U.S.C. § 1447(c). This brief is submitted in support of that motion.

## TABLE OF CONTENTS

INTRODUCTION ........ 1

FACTUAL BACKGROUND ........ 2

PROCEDURAL POSTURE ........ 4

ARGUMENT ........ 4

I. LEGAL STARNDARDS ........ 4
  A. Article III Standing ........ 4
  B. Establishing Article III Jurisdiction in Removal Actions ........ 5
  C. Awarding Costs and Expenses Upon Remand ........ 5

II. EXPERIAN HAS NOT ESTABLISHED THAT REMOVAL IS PROPER ........ 6

III. THE COURT MUST REMAND TO STATE COURT BECAUSE REMOVAL WAS IMPROPER ........ 10

IV. EXPERIAN SHOULD BE ORDERED TO PAY THE COSTS AND FEES INCURRED IN CONNECTION WITH IMPROPER REMOVAL ........ 14

CONCLUSION ........ 15

**Cases** **Page(s)**

*ASARCO, Inc. v. Kadish*,
490 U.S. 605 (1989)........................................................................................2

*Carson v. Experian Info. Sols., Inc.*,
No. 8:17-cv-02232-JVS-KES,
2019 U.S. Dist. LEXIS 118387 (C.D. Cal. July 9, 2019)...............................8-10

*Casillas v. Madison Ave. Assocs.*,
926 F.3d 329 (7th Cir. 2019) .......................................................................14-15

*Collier v. SP Plus Corp.*,
889 F.3d 894 (7th Cir. 2018) ............................................................................5

*Depot, Inc. v. Caring for Montanans, Inc.*,
No. CV 19-113-M-DWM,
2019 U.S. Dist. LEXIS 188311 (D. Mont. Oct. 30, 2019) ...................................5

*Edelstein v. Westlake Wellbeing Props., LLC*,
No. CV 17-06488-AB (JEMx),
2017 U.S. Dist. LEXIS 189225 (C.D. Cal. Nov. 15, 2017)..........................12-13

*Foskaris v. Experian Info. Solutions, Inc.*,
808 Fed. Appx. 436 (9th Cir. 2020)..................................................................14

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ............................................................................5

*Gulf Offshore Co. v. Mobil Oil Corp.*,
453 U.S. 473 (1981)..........................................................................................12

*Kaufman v. Marsh & McLellan Cos.*,
No. 5:20-cv-01213-EJD,
2020 U.S. Dist. LEXIS 229350 (N.D. Cal. Dec. 7, 2020)...................................12

*Loeb v. ZipRecruiter, Inc.*,
No. LA CV19-04288 JAK (MWx),
2019 U.S. Dist. LEXIS 151611 (C.D. Cal. Sept. 5, 2019).............................12-13

*Lujan v. Def's. of Wildlife*,
504 U.S. 555 (1992)............................................................................................4

*Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs.*,
876 F.2d 1051 (1st Cir. 1989)...........................................................................10

*Martin v. Franklin Capital Corp.*,
546 U.S. 132 (2005)....................................................................................5-6, 14

*Mendoza v. Pac. Theatres Entm't Corp.*,
No. 19-09175-CJC (JCx),
2019 U.S. Dist. LEXIS 213798 (C.D. Cal. Dec. 10, 2019) ................................13

*Miranda v. Magic Mt. LLC*,
No. CV 17-07483 SJO (SS),
2018 U.S. Dist. LEXIS 12436 (C.D. Cal. Jan. 25, 2018) .......... 12

*Moore v. UPS*,
No. 18-cv-07600-VC,
2019 U.S. Dist. LEXIS 88360 (N.D. Cal. May 13, 2020) .......... 2, 11

*Moore v. Permanente Medical Group, Inc.*,
981 F.2d 443 (9th Cir. 1992) .......... 6

*Naruto v. Slater*,
888 F.3d 418 (9th Cir. 2018) .......... 4

*Orpilla v. Schenker, Inc.*,
No. 19-cv-08392-BLF,
2020 U.S. Dist. LEXIS 83567 (N.D. Cal. May 12, 2020 .......... 2, 11

*Pitre v. Wal-Mart Stores, Inc.*,
No. SA CV 17-01281-DOC-DFMx,
2019 U.S. Dist. LEXIS 181052 (C.D. Cal. Oct. 2019) .......... 12-13

*Polo Innoventions Int'l LLC*,
833 F.3d 1193 (9th Cir. 2016) .......... 10, 12

*Provincial Gov't of Marinduque v. Placer Dome, Inc.*,
582 F.3d 1083 (9th Cir. 2009) .......... 1, 5

*Read v. Cenlar FSB*,
No. EDCV 21-504 JGB (SPx),
2021 U.S. Dist. LEXIS 189791 (C.D. Cal. Sept. 30, 2021) .......... 7

*Robins v. Spokeo, Inc.*,
867 F.3d 1108 (9th Cir. 2017) .......... 14

*Rodriguez v. U.S. Healthworks, Inc.*,
813 Fed. Appx. 315 (9th Cir. 2020) .......... 10-11, 13-14

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .......... 5, 6-7, 10-11

*Sutton v. Davol, Inc.*,
251 F.R.D. 500 (E.D. Cal. 2008) .......... 6

*Tailford v. Experian Info. Sols., Inc.*,
No. 20-56344,
2022 U.S. App. LEXIS 5357 (9th Cir. Mar. 1, 2022) .......... 8-10

*Thornley v. Clearview AI, Inc.*,
984 F.3d 1241 (7th Cir. 2021) .......... 13

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (U.S. 2021) .......... *passim*

*Trichell v. Midland Credit Mgmt., Inc.*,
964 F.3d 990 (11th Cir. 2020) .......... 4-5

*Van Patten v. Vertical Fitness Grp., LLC*,
847 F.3d 1037 (9th Cir. 2017) .......... 4, 9-10, 14-15

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000) .......... 12

*Wimberley v. Pritzkau*,
No. CV 18-6310 FMO (FFMx),
2018 U.S. Dist. LEXIS 148494 (C.D. Cal. Aug. 30, 2018) .......... 5

*Winters v. Douglas Emmett, Inc.*,
547 F. Supp. 3d 901 (C.D. Cal. 2021) .......... 5, 7, 9-10

**United States Code**

15 U.S.C. § 1681 .......... 1

15 U.S.C. § 1681g .......... 9

15 U.S.C. § 1681p .......... 2, 11-12

28 U.S.C. § 1331 .......... 6

28 U.S.C. § 1447 .......... 5, 14

**Code of Federal Regulations**

12 C.F.R. § 1022 .......... 1, 2-3, 13-14

## INTRODUCTION

On November 24, 2021, Plaintiff filed an action against Experian Information Solutions, Inc. ("Experian" or "Defendant") in Orange County Superior Court (the "State Court Action"). (Dkt. No. 1 ("Notice of Removal")). The State Court Action alleged that Experian willfully violated the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"), and its implementing regulations, 12 C.F.R. § 1022 *et seq.* ("Regulation V"), by altering the form disclosures and omitting certain information that FCRA requires consumer reporting agencies to provide when a consumer requests a copy of their consumer report. (Dkt. No. 1-1 ("Compl."), ¶¶ 18-29). After filing an Answer generally denying the allegations in the Complaint, Experian removed the State Court Action to this Court on January 14, 2022. (Dkt. No. 1 ("Notice of Removal")).

This case should be remanded back to state court, where it was filed and where it belongs. "Removal was proper only if the district court would have had original jurisdiction over the claims." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009). The Complaint in this Action alleges that Experian failed to provide her with information about her rights under the FCRA. (Compl., ¶¶ 18-29). The United States Supreme Court has explained that the failure to provide these disclosures under the FCRA is not a "concrete harm" in and of itself for purposes of Article III jurisdiction if the consumer-plaintiff has "identified no 'downstream consequences' from failing to receive the required information." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (U.S. 2021). As the United States Supreme Court made clear in *TransUnion*, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court."

*TransUnion*, 141 S. Ct. at 2205. As this action could not have been filed in federal court, there was no basis for removal.

Remand rather than dismissal is proper because it is well-established that "the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute." *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 617 (1989). Thus, "a lack of Article III standing does not necessarily preclude a plaintiff from vindicating a federal right in state court." *Orpilla v. Schenker, Inc.*, No. 19-cv-08392-BLF, 2020 U.S. Dist. LEXIS 83567, at *4 (N.D. Cal. May 12, 2020) (quoting *Moore v. UPS*, No. 18-cv-07600-VC. 2019 U.S. Dist. LEXIS 88360, at *4 (N.D. Cal. May 13, 2019)).

As Congress authorized consumers to vindicate their rights under the FCRA in either federal *or* state court, a plaintiff's lack of Article III standing to vindicate a right in federal court "does not preclude her from asserting that same right in state court, assuming she can satisfy the state court's potentially more lenient justiciability requirements, and assuming the state courts are authorized under their own state's laws to adjudicate such claims." *Moore*, 2019 U.S. Dist. LEXIS 88360, at *4-5 (collecting cases); *see* 15 U.S.C. § 1681p.

**FACTUAL BACKGROUND**

Plaintiff is a natural person who resides in Milwaukee County, Wisconsin. (Compl. ¶ 6). Defendant Experian is headquartered in Costa Mesa, California and is one of the "Big Three" nationwide consumer reporting agencies. (Compl. ¶¶ 8-10). The FCRA requires consumer reporting agencies like Experian to provide consumers with a copy of their consumer report or file disclosure upon request, and further requires them to disclose certain information about the

consumer's rights under the FCRA, the form of which has been prescribed by the Bureau of Consumer Financial Protection ("CFPB") in 12 C.F.R. § 1022, Appendix K ("Appendix K"). (Compl., ¶¶ 15-16).

On or before June 2, 2020, Plaintiff requested a copy of her consumer report or file disclosure from Experian, which Experian provided shortly thereafter. (Compl., ¶¶ 18-19). Experian has a standardized process for responding to consumers' requests for their consumer reports or file disclosures, and uses a standard, primarily automated process to generate consumer reports by merging information specific to the consumer into form documents and then send the merged documents to the requesting consumers. (Compl., ¶¶ 20-22). The form template used to generate the consumer reports that Experian mails includes a section with the title "A Summary of Your Rights Under the Fair Credit Reporting Act," which alters the form and content of Appendix K and removes certain information that the FCRA specifically requires consumer agencies to disclose, including: (1) that States may enforce the FCRA, (2) that many states have their own consumer reporting laws, (3) that consumers may have more rights under State law, and (4) that the consumer may wish to contact a State or local consumer protection agency or State attorney general for more information. (Compl., ¶¶ 22-27). Experian knowingly and willfully departed from the content and form of Appendix K, making a conscious decision to reformat these disclosures to remove certain information that is expressly required by statute so that consumers would be less likely to contact their State or local consumer protection agencies and State attorneys general. (Compl., ¶ 29).

## PROCEDURAL POSTURE

Plaintiff filed the Complaint in Orange County Superior Court on November 24, 2021 and Experian removed the case to this Court on January 14, 2022. (Notice of Removal). Counsel for the Parties met and conferred respecting the present motion on March 17, 2022.

## ARGUMENT

### I. LEGAL STANDARDS

#### A. Article III Standing

Pursuant to Article III of the U.S. Constitution, federal jurisdiction is limited to actual cases or controversies. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). In light of the case or controversy limitation, litigants who wish to invoke the power of a federal court must meet the "irreducible constitutional minimum of standing." *Naruto v. Slater*, 888 F.3d 418, 429 (9th Cir. 2018); *see also Lujan v. Def's. of Wildlife*, 504 U.S. 555, 560 (1992)). To meet those "irreducible" requirements, "the plaintiff must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017) (quoting *Spokeo*, 578 U.S. at 338).

"To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete harm." *TransUnion*, 141 S. Ct. at 2200. Even when a plaintiff alleges a defendant's failure to disclose information required by statute caused them an "informational injury," that statutory violation does not provide standing unless the plaintiff identifies "downstream consequences" because "[a]n asserted informational injury that causes no adverse effects cannot satisfy Article III.'" *TransUnion*, 141 S. Ct. at 2214 (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020)). "Only those plaintiffs who

have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 141 S. Ct. at 2205.

**B. Establishing Article III Jurisdiction in Removal Actions**

"'The removal statute is strictly construed against removal jurisdiction, and '[t]he defendant bears the burden of establishing that removal is proper." *Winters v. Douglas Emmett, Inc.*, 547 F. Supp. 3d 901, 903-04 (C.D. Cal. 2021) (alterations in original) (quoting *Marinduque*, 582 F.3d at 1087); *see also, e.g.*, *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("the party seeking removal must establish federal jurisdiction."). "Here, because Defendants invoked federal jurisdiction by removing the case, they have the burden of establishing that all elements of jurisdiction, including standing, existed at the time of removal." *Depot, Inc. v. Caring for Montanans, Inc.*, No. CV 19-113-M-DWM, 2019 U.S. Dist. LEXIS 188311, at *5 (D. Mont. Oct. 30, 2019); *see also Collier*, 889 F.3d at 896 (a defendant who wishes to remove a case must "establish that all elements of jurisdiction—including Article III standing—existed at the time of removal."). "Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court." *Wimberley v. Pritzkau*, No. CV 18-6310 FMO (FFMx), 2018 U.S. Dist. LEXIS 148494, at *2 (C.D. Cal. Aug. 30, 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

**C. Awarding Costs and Expenses Upon Remand**

The removal statutes also provide that a district court may award a plaintiff costs and fees on remand: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may award costs and fees upon remand under "unusual circumstances" or if the defendant does not have "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital*

*Corp.*, 546 U.S. 132, 141 (2005). Courts may employ discretion so as to protect the right to properly remove to federal court but deter improper removal as a way to delay litigation. *Id.* "The decision to award such fees is within the district court's discretion and does not require a finding of bad faith removal because the purpose of such an award is not punitive, but rather to reimburse a plaintiff for wholly unnecessary litigation costs caused by defendant." *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 506 (E.D. Cal. 2008) (citing *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446-47 (9th Cir. 1992)).

**II. EXPERIAN HAS NOT ESTABLISHED THAT REMOVAL IS PROPER.**

Plaintiff seeks an order remanding this case back to Orange County Superior Court because Experian has not met its burden of showing that removal was proper. Experian asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the FCRA, which is a federal statute. (Notice of Removal, ¶ 5).

But even an action that arises under federal law must meet the "case or controversy" limitations of Article III and the concrete injury requirement that inheres therein. The United States Supreme Court has repeatedly explained that federal courts do not have original jurisdiction simply because the case arises under federal law. *TransUnion*, 141 S. Ct. at 2198 (quoting *Spokeo*, 578 U.S. at 341) ("Article III standing requires a concrete injury even in the context of a statutory violation.").

Indeed, the United States Supreme Court recently addressed the "concrete injury" requirement of Article III in the context of almost identical claims, finding that consumers do not suffer a concrete injury for Article III purposes simply because a consumer reporting agency does not make its statutory disclosures consistent with the requirements of the FCRA. *TransUnion*, 141 S. Ct. at 2214. Rather, a consumer-plaintiff cannot file an action in federal court alleging a

consumer reporting agency did not disclose the consumer's rights under the FCRA without alleging the "downstream consequences" attendant to a showing that "the alleged information deficit hindered their ability to correct erroneous information before it was later sent to third parties." *TransUnion*, 141 S. Ct. at 2214.

> In support of standing, the plaintiffs thus contend that the TransUnion mailings were formatted incorrectly and deprived them of their right to receive information in the format required by statute. But the plaintiffs have not demonstrated that the format of TransUnion's mailings caused them a harm with a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts. *See Spokeo*, 578 U.S. at 341, 136 S. Ct. 1540, 194 L. Ed. 2d 635. In fact, they do not demonstrate that they suffered any harm *at all* from the formatting violations. The plaintiffs presented no evidence that, other than Ramirez, "a single other class member so much as *opened* the dual mailings," "nor that they were confused, distressed, or relied on the information in any way." 951 F.3d at 1039, 1041 (opinion of McKeown, J.) (emphasis added). The plaintiffs put forth no evidence, moreover, that the plaintiffs would have tried to correct their credit files—and thereby prevented dissemination of a misleading report—had they been sent the information in the proper format. *Ibid.* Without any evidence of harm caused by the format of the mailings, these are "bare procedural violation[s], divorced from any concrete harm." *Spokeo*, 578 U.S. at 341, 136 S. Ct. 1540, 194 L. Ed. 2d 635. That does not suffice for Article III standing.

*TransUnion*, 141 S. Ct. at 2213.

At least one district court in the Ninth Circuit has explained that *TransUnion* "emphasized that a concrete injury is required for standing under the FCRA." *Winters*, 547 F. Supp. 3d. at 906. The upshot of *TransUnion* is that the plaintiff must identify some "downstream consequence" or harm that is separate and apart from the costs incurred in litigation "merely seeking to ensure a defendant's 'compliance with regulatory law.'" *Read v. Cenlar FSB*, No. EDCV 21-504 JGB (SPx), 2021 U.S. Dist. LEXIS 189791, at *13-14 (C.D. Cal. Sept. 30, 2021) (finding "downstream consequences" where the plaintiff alleged the defendant's failure to timely respond to a qualified written request under the Real Estate Settlement Procedures Act caused him to incur postage costs that were not "solely for the purpose of litigation").

Experian's counsel indicated during the meet-and-confer process that Experian is relying on *Tailford v. Experian Info. Sols., Inc.*, No. 20-56344, 2022 U.S. App. LEXIS 5357 (9th Cir. Mar. 1, 2022), for the proposition that general factual allegations of injury in the complaint in this action sufficiently establish standing at the pleading stage. As Plaintiff's counsel explained during the meet-and-confer, and as this Court is undoubtedly aware, neither *Tailford* nor its predecessor, *Carson v. Experian Info. Sols., Inc.*, No. 8:17-cv-02232-JVS-KES, 2019 U.S. Dist. LEXIS 118387 (C.D. Cal. July 9, 2019), is on-point.[1]

Most importantly, the actions in *Tailford* and *Carson* alleged that Experian violated the FCRA by wrongfully collecting, storing, and selling Behavioral Data respecting millions of consumer households but concealing that information when consumers requested their file disclosures so that the consumers only discovered that Experian was maintaining and selling this information because a late 2017 data breach leaked "248 columns of specific data points, among them address, phone number, number of adults and children living in the dwelling unit, length of residence, and other, more detailed consumer purchasing data." *Carson*, 2019 U.S. Dist. LEXIS 118387, at *7; *see also Tailford*, 2022 U.S. App. LEXIS 5357, at *6-8. This information "could be cross-referenced with voter registration data and associated with specific individuals." *Carson*, 2019 U.S. Dist. LEXIS 118387, at *7 (citing complaint). In finding the case satisfied

[1] The Court is likely familiar with the procedural posture of *Tailford* and *Carson*; the action in *Carson* was originally filed in federal court, and the federal court granted Experian's motion to dismiss to dismiss for lack of standing. *Tailford*, 2022 U.S. App. LEXIS 5357, at *8-9. Rather than appeal, some of the plaintiffs in the *Carson* action filed a new action in California state court; in a "turnabout" from its position in *Carson*, Experian removed the *Tailford* state court action to federal court, where it filed a motion to dismiss on the merits. *Tailford*, 2022 U.S. App. LEXIS 5357, at *8-9. The plaintiffs responded to the motion to dismiss on the merits by filing a motion to remand. *Tailford*, 2022 U.S. App. LEXIS 5357, at *9-10. The district court denied the plaintiff's motion to remand and granted Experian's motion to dismiss on the merits, first without prejudice, and then, after the plaintiffs filed an amended complaint, with prejudice. *Tailford*, 2022 U.S. App. LEXIS, at *9-11.

Article III, the Ninth Circuit explained that these were allegations of concrete harm to the same "privacy interests that have long been protected in the law." *Tailford*, 2022 U.S. App. LEXIS 5357, at *14.

Further, the plaintiffs in *Tailford* and *Carson* also alleged harm that was particularized to them as individuals, *i.e.*, that Experian violating their privacy rights by collecting and selling their employment history and certain non-traditional credit data to third parties but concealing the sale of that data when plaintiffs requested their file disclosures pursuant to 15 U.S.C. § 1681g. *See, e.g., Carson v. Experian Info. Sols., Inc.*, No. 8:17-cv-02232-JVS-KES Dkt. No. 40 ("3d Am. Compl.") at ¶ 40 (alleging that Experian's failure to comply with the FCRA "***constitutes violations of Plaintiffs' and Class members' right to privacy*** because while their [personally identifiable information] was made readily available to those willing and able to pay for it, ***Plaintiffs had no knowledge of or opportunity to disagree*** with the provision of their PII to third parties.") (emphasis added). Again, these privacy interests evoke "other reputational and privacy interests that have long been protected in the law." *Tailford*, 2022 U.S. App. LEXIS 5357, at *14.

Not so here. Plaintiff alleges only that Experian willfully violated the FCRA by departing from the form notice of rights prescribed by the CFPB "so that consumers would be less likely to contact their State or local consumer protection agencies and State attorneys general." (Compl., ¶ 29). Unlike the privacy interests clearly at stake in *Tailford* and *Carson* as a result of the third-party disclosure and sale of substantive information, Plaintiff clearly does not allege that *she herself* suffered any "downstream consequences" from Experian's willful decision to deviate from the CFPB's form notice. *TransUnion*, 141 S. Ct. at 2214 ("An 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'") (quoting *Trichell*, 964 F.3d at 1004.

This action "'is merely one to vindicate procedural violations of applicable credit reporting laws,' and therefore the alleged harm does not establish Article III standing." *Winters*, 547 F. Supp. 3d at 908.

**III. THE COURT MUST REMAND TO STATE COURT BECAUSE REMOVAL WAS IMPROPER.**

The Ninth Circuit has explained that when a defendant removes an action for which there is no Article III jurisdiction, the district court must remand the action back to the state court. *Polo v. Innoventions Int'l LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.").[2] Removal is the only action that the court may take upon discovering that the plaintiff does not have standing even if the action arises under federal law. *Rodriguez v. U.S. Healthworks, Inc.*, 813 Fed. Appx. 315, 316 (9th Cir. 2020) (reversing summary judgment in defendant's favor and instructing district court to remand previously removed FCRA action to state court for lack of standing because "[o]nce Rodriguez no longer claimed that she 'lost money or property' at the summary judgment stage, the court should have concluded that she lacked standing."); *see also Winters*, 547 F. Supp. 3d at 904 ("If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded.").

Indeed, as *Rodriguez* shows, even before *TransUnion*, numerous courts have found that similar actions under the FCRA must be remanded for lack of a concrete injury for purposes of

---

[2] *See also, e.g., Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Services*, 876 F.2d 1051, 1054 (1st Cir. 1989) (instructing district court to remand rather than dismiss with prejudice because the plaintiff "may have standing to sue in the Maine state courts, even though it does not meet federal standing requirements, because Maine's standing rules are somewhat more liberal.").

Article III under *Spokeo*. 578 U.S.at 341 ("Article III standing requires a concrete injury even in the context of a statutory violation."). Accordingly, those actions were properly remanded back where they were filed and where they belonged.

For example, the plaintiff in *Orpilla* filed a complaint in state court, alleging that the defendant employer performed a background check on her after obtaining consent by providing a "disclosure form [that] did not technically comply with the requirements of the FCRA." *Orpilla*, 2020 U.S. Dist. LEXIS 83567, at *14. After the defendant removed the action, the district court explained the plaintiff did not have Article III standing because the plaintiff did not allege she would not have authorized the background check if the defendant had complied with the FCRA. *Orpilla*, 2020 U.S. Dist. LEXIS 83567, at *14-15. However, because the action was properly filed in Santa Clara County Superior Court, the district court remanded the case. *Orpilla*, 2020 U.S. Dist. LEXIS 83567, at *21-22.

The district court in *Moore* likewise found the plaintiff did not have standing where she alleged the defendant employer used an inadequate form to obtain approval to perform a background check, and remanded the action back to Alameda County Superior Court. *Moore*, 2019 U.S. Dist. LEXIS 88360, at *4. The district court remarked that remand was appropriate even if it "may initially seem counterintuitive":

> Incidentally, it may initially seem counterintuitive for a federal court, after having concluded that the plaintiff lacks standing, to send a federal lawsuit to state court for potential adjudication rather than to dismiss it. However, Congress authorized citizens to vindicate their rights under the FCRA in either federal or state court. *See* 15 U.S.C. § 1681p. Even when a plaintiff lacks standing to assert a FCRA right in federal court, this does not preclude her from asserting that same right in state court, assuming she can satisfy the state court's potentially more lenient justiciability requirements, and assuming the state courts are authorized under their own state's laws to adjudicate such claims. In short, a lack of Article III standing does not necessarily preclude a plaintiff from vindicating a federal right in state court.

*Moore*, 2019 U.S. Dist. LEXIS 88360, at *4 (collecting authorities).

The district court in *Miranda v. Magic Mt. LLC*, an action alleging the defendant violated the FCRA by printing more than the last five digits on their credit card receipts, also found that remand was "both appropriate and required" even though the case was pending transfer to the Judicial Panel on Multidistrict Litigation. *Miranda v. Magic Mt. LLC*, No. CV 17-07483 SJO (SS), 2018 U.S. Dist. LEXIS 12436, at *7-8 (C.D. Cal. Jan. 25, 2018). Again, the district court observed that remand was appropriate even if "may strike some as nonsensical":

> While it may strike some as nonsensical that a state court has jurisdiction to adjudicate a federal claim when a federal court does not, this is in fact a notable quirk of the United States federalist system. "The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication." *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-78, 101 S. Ct. 2870, 69 L. Ed. 2d 784 (1981). State courts, as noted in *Polo*, are not bound by Article III standing requirements. 833 F.3d at 1196. So long as there is no disabling incompatibility or express by Congress to the contrary, neither of which is alleged here, a state court may adjudicate a claim that could not have been brought in federal court due to lack of standing. *See id.* This is supported by the fact that standing is viewed as an indicator of a court's subject matter jurisdiction, and not the viability of the claims themselves. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

*Miranda*, 2018 U.S. Dist. LEXIS 12436, at *7-8 (C.D. Cal. Jan. 25, 2018).

Again, the express statutory language evinces congressional intent for plaintiffs to use state court actions where appropriate, as 15 U.S.C. § 1681p expressly affords consumer plaintiffs the option to enforce the FCRA in the state courts and does not make recovery of statutory damages contingent on any actual damages when a defendant consumer reporting agency is willfully violating the law. *E.g.*, *Kaufman v. Marsh & McLellan Cos.*, No. 5:20-cv-01213-EJD, 2020 U.S. Dist. LEXIS 229350, at *10 (N.D. Cal. Dec. 7, 2020); *Pitre v. Wal-Mart Stores, Inc.*, No. SA CV 17-01281-DOC-DFMx, 2019 U.S. Dist. LEXIS 181052, at *27-28 (C.D. Cal. Oct. 18, 2019); *Edelstein v. Westlake Wellbeing Props., LLC*, No. CV 17-06488-AB (JEMx), 2017

U.S. Dist. LEXIS 189225, at *8-9 (C.D. Cal. Nov. 15, 2017); *Loeb v. ZipRecruiter, Inc.*, No. LA CV19-04288 JAK (MRWx), 2019 U.S. Dist. LEXIS 151611, at *20-21 (C.D. Cal. Sept. 5, 2019).

"Given the federalist structure of our government, it is therefore entirely sensible for the Court to remand the case and allow Plaintiffs a chance to adjudicate their claims under the parallel jurisdiction of the California state courts." *Pitre*, 2019 U.S. Dist. LEXIS 181052, at *28. Indeed, this Court has itself remanded at least one action brought under the FCRA back to state court under similar circumstances because the consumer did not identify a concrete harm. *Mendoza v. Pac. Theatres Entm't Corp.*, No. 19-09175-CJC (JCx), 2019 U.S. Dist. LEXIS 213798, at *7-8 (C.D. Cal. Dec. 10, 2019).

Finally, the Seventh Circuit recently affirmed an order of remand under similar circumstances when the plaintiffs did not allege a concrete harm in their complaint, ***even though they almost certainly could have***, because they preferred to have their action heard in state court rather than federal court:

> ***Our job is to decide whether Thornley and her co-plaintiffs have Article III standing to pursue the case they have presented in their complaint***. We have concluded that they do not: they have described only a general, regulatory violation, not something that is particularized to them and concrete. It is no secret to anyone that they took care in their allegations, especially in the scope of the proposed class they would like to represent, to steer clear of federal court. But in general, plaintiffs may do this. As long as their allegations are in good faith, they may include non-diverse parties as defendants. Outside of the clumsily named area of "complete preemption," they may choose to rely exclusively on state law and avoid federal-question jurisdiction. And here, they may take advantage of the fact that Illinois permits BIPA cases that allege bare statutory violations without any further need to allege or show injury.

*Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1248-49 (7th Cir. 2021) (emphasis added).

Ultimately, nothing in the Complaint suggests that Plaintiff suffered any "downstream consequences" as a result of the informational injury she suffered when Experian willfully departed from the content and form in Appendix K. Thus, as in these prior actions, Plaintiff does

not allege any "downstream consequences" and the only course is remand. *Rodriguez*, 813 Fed. Appx. at 316.

**IV. EXPERIAN SHOULD BE ORDERED TO PAY THE COSTS AND FEES INCURRED IN CONNECTION WITH IMPROPER REMOVAL.**

The removal statutes authorize an award of fees and expenses on remand. 28 U.S.C. § 1447(c). "The decision to award such fees is within the district court's discretion and does not require a finding of bad faith removal because the purpose of such an award is not punitive, but rather to reimburse a plaintiff for wholly unnecessary litigation costs caused by defendant." *Sutton*, 251 F.R.D. at 506 (citing *Moore*, 981 F.2d at 446-47). The purpose of fee-shifting on remand is to deter removals "sought for the purpose of prolonging litigation and imposing costs on the opposing party[.]" *Martin*, 546 U.S. at 140.

Experian did not have an objectively reasonable basis for removing the Complaint here. Again, the United States Supreme Court decided *TransUnion* several months ago, finding that a plaintiff alleging similar notice-of-rights claims does not have standing under Article III unless they identify "downstream consequences." *TransUnion*, 141 S. Ct. at 2213. Even before *TransUnion*, the Ninth Circuit had adopted a two-part test for evaluating whether a plaintiff suffered an injury-in-fact under the FCRA for Article III purposes: (1) whether the statutory provisions at issue were established to protect the plaintiff's concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in the complaint actually harm, or present a material risk of harm, to those concrete interests. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017); *see also Foskaris v. Experian Info. Solutions, Inc.*, 808 Fed. Appx. 436, 438-39 (9th Cir. 2020). Courts throughout the country have explained both before and after *TransUnion* that, for Article III purposes, a plaintiff who is denied information required by statute suffers a purely procedural injury unless the plaintiff identifies

some downstream consequences as a result. *TransUnion*, 141 S. Ct. at 2214; *Casillas v. Madison Ave. Assocs.*, 926 F.3d 329, 335 (7th Cir. 2019); *Trichell*, 964 F.3d at 1004. As Plaintiff does not allege such consequences, the complaint clearly could not have been filed in federal court and removal to federal court was objectively unreasonable and served only to delay the proceedings.

## CONCLUSION

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court: (1) remand the case to Orange County Superior Court, (2) award Plaintiff the expenses and fees incurred as a result of Defendant's improper removal, and (3) grant such further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: March 24, 2022

**MONTEVERDE & ASSOCIATES PC**

By: /s/ David E. Bower

David E. Bower
600 Corporate Pointe, Suite 1170
Culver City, California 90230
Tel: 310-446-6652
Fax: 212-202-7780
Email: dbower@monteverdelaw.com

*Attorneys for Plaintiff*

**OF COUNSEL**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
Miles Schreiner
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
Tel: 212-971-1341
Fax: 212-202-7880
Email: jmonteverde@monteverdelaw.com
mschreiner@monteverdelaw.com

**ADEMI LLP**
Shpetim Ademi (*pro hac vice forthcoming*)
Jesse Fruchter (*pro hac vice forthcoming*)
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Tel: 414-482-8000
Fax: 414-482-8001
Email: sademi@ademilaw.com
jfruchter@ademilaw.com