David E. Bower
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, California 90230
Tel: 310-446-6652
Fax: 212-202-7780
Email: dbower@monteverdelaw.com

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| CHARLOTTE MUHA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS INC.,<br><br>Defendant. | Case No. 8:22-cv-00077-CJC-DFM<br><br>Date: May 2, 2022<br><br>Time: 1:30 p.m.<br><br>Judge: Cormac J. Carney<br><br>Courtroom: 9B |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND**

Plaintiff Charlotte Muha, through counsel, respectfully submits the following reply brief in support of Plaintiff's motion to remand this action to Orange County Superior Court and award costs pursuant to 28 U.S.C. § 1447(c).

# TABLE OF CONTENTS

INTRODUCTION .......... 1

I. A District Court Cannot Have "Original Jurisdiction" When a Complaint Does Not Plausibly Allow Subject Matter Jurisdiction .......... 2

II. The Complaint Does Not Allege Facts That Support Article III Jurisdiction .......... 5

III. The Court Should Order Defendants to Pay the Expenses Incurred Seeking Remand .. 8

CONCLUSION .......... 10

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*ASARCO Inc. v. Kadish*,
490 U.S. 605 (1989)....4-5

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987)....2-3

*Collier v. SP Plus Corp.*,
889 F.3d 894 (7th Cir. 2018) .... 6

*Kosen v. Ruffing*,
No. 08cv0793-LAB- (WMc),
2009 U.S. Dist. LEXIS 659 (S.D. Cal. Jan. 5, 2009).... 9

*Lee v. Am. Nat'l Ins. Co.*,
260 F.3d 997 (9th Cir. 2001) .... 3

*Leon v. IDX Sys. Corp.*,
464 F.3d 951 (9th Cir. 2006) .... 9

*Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26 (1998).... 8

*Littlejohn v. Phoenix Title Loans LLC*,
No. CV-18-04250-PHX-SMB,
2020 U.S. Dist. LEXIS 5772 (D. Ariz. Jan. 14, 2020) .... 6

*Marshall v. Motel 6 Operating LP*,
825 Fed. Appx. 527 (9th Cir. 2020)....4-5

*Masuda v. Lucile Salter Packard Children's Hosp. at Stanford*,
No. 20-cv-9389-BLF,
2021 U.S. Dist. LEXIS 181283 (N.D. Cal. Sept. 22, 2021) .... 6, 7

*McGee v. S-L Snacks Nat'l*,
982 F.3d 700 (9th Cir. 2020) .... 7

*Moore v. UPS*,
No. 18-cv-07600-VC,
2019 U.S. Dist. LEXIS 88360 (N.D. Cal. May 13, 2020).... 5

*Nebraska ex rel. Dep't of Soc. Servs. v. Bentson*,
146 F.3d 676 (9th Cir. 1998) .... 4

*Orpilla v. Schenker, Inc.*,
No. 19-cv-08392-BLF,
2020 U.S. Dist. LEXIS 83567 (N.D. Cal. May 12, 2020) .......... 2-3

*Polo v. Innoventions Int'l, LLC*,
833 F.3d 1193 (9th Cir. 2016) .......... 2, 3, 4-5, 8

*Powerex Corp. v. Reliant Energy Servs.*,
551 U.S. 224 (2007) .......... 3

*Provincial Gov't of Marinduque v. Placer Dome, Inc.*,
582 F.3d 1083 (9th Cir. 2009) .......... 1

*Rodriguez v. U.S. Healthworks, Inc.*,
813 Fed. Appx. 315 (9th Cir. 2020) .......... 4-5

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .......... 7, 8

*Surat v. Klamser*,
No. 19-cv-0901-WJM-NRN,
2020 U.S. Dist. LEXIS 30844 (D. Col. Feb. 24, 2020) .......... 4

*Tailford v. Experian Info. Sols.*,
No. SACV 19-02191JVS(KESx),
2020 U.S. Dist. LEXIS 84658 (C.D. Cal. May 12, 2020) .......... 3

*Tailford v. Experian Info. Sols., Inc.*,
No. 20-56344,
26 F.4th 1092,
2022 U.S. App. LEXIS 5357 .......... 3, 5

*Thomas v. Nationstar Mortg., LLC*,
No. 14-cv-01799,
2015 U.S. Dist. LEXIS 187512 (C.D. Cal. Mar. 11, 2015) .......... 4

*Thornley v. Clearview AI, Inc.*,
984 F.3d 1241 (7th Cir. 2021) .......... 7, 8

*TransUnion v. Ramirez*,
141 S. Ct. 2190 (2021) .......... 6-7

*Winters v. Douglas Emmett, Inc.*,
547 F. Supp. 3d 901 (C.D. Cal. 2021) .......... 1, 5

**Statutes**

15 U.S.C. § 1681 ........ 1, 7
28 U.S.C. § 1331 ........ 8
28 U.S.C. § 1441 ........ 2-3
28 U.S.C. § 1446 ........ 8-9
28 U.S.C. § 1447 ........ 2, 9

**United States Constitution**

Art. III ........ *passim*

**INTRODUCTION**

This Action should be remanded.[1] As Plaintiff argued in the principal briefs and Defendant effectively concedes, the defendant bears the burden of proving each element of jurisdiction in a removal action, including an action alleging that the defendant violated the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"). *E.g., Winters v. Douglas Emmett, Inc.*, 547 F. Supp. 3d 901, 903-04 (C.D. Cal. 2021); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

Defendants raise two main arguments: (i) that the action was "properly removed" even if this Court does not have subject matter jurisdiction because the Court may have "original jurisdiction" over the action even if the complaint does not allege facts that allow Article III subject matter jurisdiction, and (ii) that the complaint alleges facts that allow Article III subject

---

[1] Defendants purport to recount discussions between counsel where Plaintiff's counsel allegedly "indicated that the case should be remanded because Article III issues could make it more difficult to certify a class or obtain approval of a class-wide settlement." (Def. Mem. at 2-3).

After Plaintiff's counsel advised that Plaintiff would be seeking remand, Defendants' counsel asked Plaintiff's counsel why Plaintiff was seeking remand as a tactical matter rather than simply allowing the case to proceed in this Court and having jurisdictional issues present themselves in due course. (Declaration of Jesse Fruchter ("Fruchter Dec."), ¶ 3). Plaintiff's counsel simply explained that, while Plaintiff and counsel were agnostic as to whether the straightforward violations at issue in the action were heard in state or federal court, class-wide prosecution and settlement would inevitably present obvious Article III concerns that may ultimately result in a colossal waste of the parties' (and the Court's) time. (Fruchter Dec., ¶ 3).

Thus, Plaintiff's counsel only identified the impediments to class-wide prosecution and settlement presented by Article III to explain why Plaintiff was seeking remand as a *tactical* matter; indeed, the reasons that Plaintiff is entitled to remand as a *legal* matter are clearly identified in the principal brief in support. (Fruchter Dec., ¶ 4).

It should go without saying that Plaintiff's counsel is providing this context in order to clarify the issues and is not suggesting Defendants' counsel misunderstood this comment in anything other than good faith or recounted it for any inflammatory or improper purpose.

matter jurisdiction "at this stage" because it includes "general factual allegations of injury resulting from the defendant's conduct." (Dkt. No. 18 ("Def. Mem.") at 4, 6). The first argument is both pedantic and wrong, and the second argument ignores the allegations in the actual complaint.

## I. A District Court Cannot Have "Original Jurisdiction" When a Complaint Does Not Plausibly Allow Subject Matter Jurisdiction

According to Defendants, a court has "original jurisdiction" any time the complaint alleges a violation of federal law, even if the complaint does not allege facts that support concrete and particularized harm for purposes of Article III. Defendants are wrong. A defendant cannot "properly" remove an action when the complaint does not allege facts sufficient to establish Article III jurisdiction. The removal statute, 28 U.S.C. § 1441(a), states that, with certain exceptions not at issue here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed …."

First, Defendants' argument is entirely pedantic: whether or not there was "original jurisdiction" that would make removal technically "proper" is irrelevant if there is basis for subject matter jurisdiction after removal as the Court would not have the power to do anything besides the remand the case. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("the district court generally *must* remand the case to state court, rather than dismiss it."); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Moreover, Defendants are simply wrong that it is at all "proper" to remove an action for which there is no Article III standing in the first place. "A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case." *Orpilla v. Schenker, Inc.*, No. 19-cv-08392-BLF, 2020 U.S. Dist. LEXIS 83567, at *5 (N.D. Cal.

May 12, 2020) (citing 28 U.S.C. § 1441(a)); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

None of the cases Defendants rely on to assert that this action was properly removed are even remotely on-point. (Def. Mem. at 5-6). The cherry-picked language that Defendants quote from *Powerex* does not say that it is proper to remove an action for which subject matter jurisdiction does not exist, it simply observes that ***subsequent*** events may show that the action no longer satisfies the grounds for subject-matter jurisdiction alleged in the complaint. *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 231-32 (2007). In fact, *Powerex* clearly acknowledged other cases where there was "'a defect in subject matter jurisdiction *at the time of removal* that rendered *the removal itself* jurisdictionally improper." *Powerex*, 551 U.S. at 230.

Defendants' other authorities are similarly unhelpful. If anything, *Lee* actually appears to stand for the opposite premise that Defendants argue: "under this circuit's precedents, it is clear that, as a general matter, ***there is original jurisdiction***, and therefore removal jurisdiction under 28 U.S.C. § 1441(a), over a case ***as long as there is subject matter jurisdiction over one or more of the claims alleged***." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 999 (9th Cir. 2001) (emphasis added). Defendants also clearly misread *Polo*, which similarly held in no uncertain terms that, when it was removed, the action "***lacked a named plaintiff with Article III standing, and therefore was not properly removed***." *Polo*, 833 F.3d at 1197 (emphasis added). And *Tailford v. Experian Info. Sols.*, No. SACV 19-02191JVS(KESx), 2020 U.S. Dist. LEXIS 84658 (C.D. Cal. May 12, 2020), is inapposite because, as the Ninth Circuit later explained, the plaintiffs in *Tailford* actually alleged concrete and particularized harm to "reputational and privacy interests

that have long been protected in the law." *Tailford v. Experian Info. Sols., Inc.*, No. 20-56344, 26 F.4th 1092, 2022 U.S. App. LEXIS 5357, at *14 (9th Cir. 2022).

Further, while *Bentson* separates the determination of original jurisdiction upon removal from the analysis of subject matter jurisdiction after removal, it appears that the Ninth Circuit was carving out an exception for actions where the United States is named as a party; in fact, unlike in other actions where there was no subject matter jurisdiction, the Ninth Circuit actually decided the merits of the very issue for which the federal courts purportedly did not have jurisdiction, holding that by barring federal court jurisdiction over actions to restrain the assessment of alleged past-due child support obligations, "Congress intended that neither state nor federal courts would have jurisdiction over claims seeking to restrain an agency of the United States in this type of collection effort." *Nebraska ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 679 (9th Cir. 1998). Further, while Defendants cite *Thomas v. Nationstar Mortg., LLC*, No. 14-cv-01799, 2015 WL 12838036, at *1 (C.D. Cal. Mar. 11, 2015), as purportedly "distinguishing between whether removal was proper and whether a plaintiff has standing," (Def. Mem. at 6), that case involved an action where the plaintiff did not respond to a show-cause as to why the action should not be dismissed (without prejudice) for lack of Article III jurisdiction. *Thomas*, 2015 U.S. Dist. LEXIS 187512, at *1. That the plaintiff failed to identify binding law instructing district courts to remand such actions rather than dismiss them does not make that law any less binding. *See, e.g., Surat v. Klamser*, No. 19-cv-0901-WJM-NRN, 2020 U.S. Dist. LEXIS 30844, at *15 n.5 (D. Col. Feb. 24, 2020).

In any case, *Bentson* and *Thomas* clearly depart from numerous decisions wherein the Ninth Circuit clearly explains that federal courts cannot dismiss removal actions for lack of Article III jurisdiction. *Cf., Polo*, 833 F.3d at 1196 ("Remand is the correct remedy because a

failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.") (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)); *see also, e.g., Rodriguez v. U.S. Healthworks, Inc.*, 813 Fed. Appx. 315, 316 (9th Cir. 2020) (unpubl.) (district court improperly decided case on its merits when it did not have power to hear the case because the plaintiff did not allege a concrete injury under Article III); *Marshall v. Motel 6 Operating LP*, 825 Fed. Appx. 527, 528 (9th Cir. 2020) (unpubl.) ("Because we lack subject matter jurisdiction, we decline to reach the merits or Motel 6's objection to personal jurisdiction.").

## II. The Complaint Does Not Allege Facts That Support Article III Jurisdiction

Defendants' entire argument in support of a finding of Article III jurisdiction boils down to an erroneous assertion that a district court has Article III jurisdiction as long as the complaint contains some "general factual allegations of injury resulting from the defendant's conduct[.]" (Def. Mem. at 6) (quoting *Tailford*, 26 F.4th at 1099).

As already discussed, *Tailford* – an action alleging that Experian violated the FCRA by wrongfully collecting, storing, and selling Behavioral Data respecting millions of consumers but concealed that information from the consumers themselves when they requested their file disclosures – is clearly inapposite. In contrast, this Action involves Experian's failure to provide consumers with the correct Summary of Rights information prescribed by the Bureau of Consumer Financial Protection (the "CFPB").

Somewhat remarkably, Defendants do not even try to explain how *Tailford* is more on-point than cases like *Winters*, *Orpilla*, and *Moore*, which allege that defendant-employers used inadequate forms to obtain their employee-applicant plaintiffs' consent to procure consumer reports as part of their background checks. *Winters*, 547 F. Supp. 3d at 905; *Orpilla*, 2020 U.S.

Dist. LEXIS 83567, at *14-15; *Moore v. UPS*, No. 18-cv-07600-VC, 2019 U.S. Dist. LEXIS 88360, at *4 (N.D. Cal. May 13, 2020). Instead, Defendants point to an allegation in the Complaint that they intentionally depart from the CFPB's form notice in the hopes of misleading consumers and heading off consumer complaints before they are filed with governmental consumer protection agencies. (Def. Mem. at 6-7). But the Complaint does not identify the concrete harm that *Plaintiff herself* suffered as the "downstream consequences" of Experian concealing this information. *See TransUnion v. Ramirez*, 141 S. Ct. 2190, 2214 (2021). As Defendants themselves acknowledge, whether there is a basis for Article III jurisdiction is "predicated on allegations in the complaint." (Def. Mem. at 6). And contrary to Defendants' assertions, courts certainly do not presume concrete harm any time a defendant violates a consumer protection statute fails to disclose information required by statute even at the pleadings stage. *See, e.g., Littlejohn v. Phoenix Title Loans LLC*, No. CV-18-04250-PHX-SMB, 2020 U.S. Dist. LEXIS 5772, at *12 (D. Ariz. Jan. 14, 2020).

And while Defendants attempt to read an allegation of monetary harm into the prayer for relief, the "mere reference to 'actual damages' in the complaint's prayer for relief does not establish Article III standing." *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018); *see Masuda v. Lucile Salter Packard Children's Hosp. at Stanford*, No. 20-cv-9389-BLF, 2021 U.S. Dist. LEXIS 181283, at *10 (N.D. Cal. Sept. 22, 2021) (declining to "infer concrete harm" from a passing reference in the complaint's prayer for relief because "[w]hat controls are Plaintiff's allegations about the forms and the effect they had on her, and those allegations do not resemble the kind which the Ninth Circuit has found confers Article III standing.").

Finally, Defendants also attempt to distinguish this case from *TransUnion* on the grounds that *TransUnion* was a post-trial decision whereas the burden for alleging Article III harm at the

pleadings stage is more easily met. To be sure, the analysis is slightly different at the pleadings stage than at summary judgment or trial. *E.g., TransUnion*, 141 S. Ct. at 2208 ("Plaintiffs must maintain their personal interest in the dispute at all stages of litigation."). But that difference inheres only in whether the Court looks past the pleading to find whether there is actually evidence of the concrete harm the Complaint alleged. *See, e.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("Where, as here, a case is at the pleading stage, the plaintiff must 'clearly … allege facts demonstrating' each element [of Article III standing]."); *McGee v. S-L Snacks Nat'l*, 982, F.3d 700, 709 (9th Cir. 2020) (quoting *Spokeo*).

In fact, even plaintiffs ***who actually suffered concrete harm*** as a factual matter may avoid federal jurisdiction by ensuring that their complaints do not allege such harm:

> Our job is to decide whether Thornley and her co-plaintiffs have Article III standing to pursue the case they have presented in their complaint. We have concluded that they do not: they have described only a general, regulatory violation, not something that is particularized to them and concrete. It is no secret to anyone that they took care in their allegations, and especially in the scope of the proposed class they would like to represent, to steer clear of federal court. But in general, plaintiffs may do this. As long as their allegations are in good faith, they may include non-diverse parties as defendants. Outside of the clumsily named area of "complete preemption," they may choose to rely exclusively on state law and avoid federal-question jurisdiction. And here, they may take advantage of the fact that Illinois permits BIPA cases that allege bare statutory violations, without any further need to allege or show injury.

*Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1248-49 (7th Cir. 2021). The same rule applies in the Ninth Circuit:

> The Complaint is clearly brought under federal law: the FCRA. And the FCRA provides for statutory damages of $100 to $1,000 even if no actual damages are sustained. 15 U.S.C. § 1681n(a). As such, Plaintiff is free to plead (truthfully, of course) that she did or did not sustain actual harm. Defendants' speculative arguments regarding what Plaintiff may or may not do at later stages of the litigation are simply irrelevant and are not grounds for discovery. If Plaintiff does charge course at a later stage of the litigation and make representations inconsistent with those in her Complaint regarding her injury, Defendants are free to seek appropriate relief from the state court at that time.

*Masuda*, 2021 U.S. Dist. LEXIS 181283, at *11.

Ultimately, Defendants attempt to infer injuries that are not actually alleged in the complaint plainly contradicts the clear directive that "an action must 'be fit for federal adjudication when the removal petition is filed.'" *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998).

Perhaps most telling is that Defendants predicate jurisdiction on speculative facts that are "inferred" from the allegations in the Complaint, effectively conceding that a plaintiff who proved all of the allegations that are actually in the Complaint at the summary judgment stage or trial would nonetheless not be able to prevail in federal court because the case would need to be remanded for lack of Article III standing. That nonsensical and incredibly wasteful result is precisely what *Spokeo* avoids by requiring that the complaint "allege facts demonstrating each element" at the pleading stage. *Spokeo*, 578 U.S. at 338. In the event such allegations ever actually surface, Defendants are, of course, free to remove the case at that time. *See, e.g., Thornley*, 984 F.3d at 1248 "if the plaintiffs change their tune in the state court, Clearview will be able to remove again to federal court, though we do not predict the outcome of such an effort.") (citing 28 U.S.C. § 1446(b)(3)).

**III. The Court Should Order Defendants to Pay the Expenses Incurred Seeking Remand**

Lastly, Defendants argue that they should not bear costs and fees on remand because removal was "proper" pursuant to 28 U.S.C. § 1331 as this Court had "original jurisdiction" even if did not have subject-matter jurisdiction under Article III.

As discussed above, Defendants' argument contradicts clear directives from the Ninth Circuit. *E.g., Polo*, 833 F.3d at 1197 ("This case lacked a named plaintiff with Article III

standing, ***and therefore was not properly removed***.”). For example, the language in the removal statute allowing defendants to remove actions upon the filing of an amended complaint only authorizes such removal if the initial pleading was not “removable.” *See* 28 U.S.C. § 1446(b)(3) (“if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of an amended pleading ... from which it may be ascertained that the case is one which is or has become removable.”).

Thus, reading the removal statute as Defendants argue – that a case that must be immediately remanded for lack of Article III jurisdiction is nonetheless “removable” because the complaint alleges a claim arising under federal law – would make no sense. A plaintiff could avoid federal jurisdiction by filing an initial complaint that that did not plead an injury under Article III (and, thus, would entitle the plaintiff to remand) but then amending the complaint to add allegations that satisfy Article III after the time for removing the initial complaint had lapsed. Because, per Defendants, the case was “removable” at the time the initial pleading was filed, 28 U.S.C. § 1446(b)(3) would not allow the defendant to remove the action when the complaint was amended to actually include the allegations that would satisfy Article III.

Perhaps most remarkable is Defendants’ argument that the Court should award ***them*** fees. Even assuming this Court somehow has jurisdiction, the basis on which “Experian should be awarded its fees” is unclear. *See* 28 U.S.C. § 1447(c) (“An order ***remanding*** the case may require payment of just costs and any actual expenses, incurred as a result of the removal.”) (emphasis added). “On its face, however, § 1447(c) does not authorize an award of fees to a defendant who successfully avoids a motion to remand.” *Kosen v. Ruffing*, No. 08cv0793-LAB- (WMc), 2009 U.S. Dist. LEXIS 659, at *37 (S.D. Cal. Jan. 5, 2009). If Defendants are suggesting the Court should exercise its inherent authority to award them counsel fees, doing so would require a finding

of conduct tantamount to bad faith, which is obviously not present here. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Indeed, as Plaintiff's counsel explained during the parties' meet-and-confer, the entire purpose of presenting the jurisdictional issues at the pleadings stage is to ensure that the Parties do not waste the Court's time by litigating the case in a forum that never had jurisdiction in the first place.

## CONCLUSION

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court: (1) remand the case to Orange County Superior Court, (2) award Plaintiff the expenses and fees incurred as a result of Defendants' improper removal, and (3) grant such further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: April 18, 2022

**MONTEVERDE & ASSOCIATES PC**

By: /s/ David E. Bower
David E. Bower
600 Corporate Pointe, Suite 1170
Culver City, California 90230
Tel: 310-446-6652
Fax: 212-202-7780
Email: dbower@monteverdelaw.com

*Attorneys for Plaintiff*

**OF COUNSEL**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
Miles Schreiner
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
Tel: 212-971-1341
Fax: 212-202-7880

Email: jmonteverde@monteverdelaw.com
mschreiner@monteverdelaw.com

**ADEMI LLP**
Shpetim Ademi (*pro hac vice forthcoming*)
Jesse Fruchter (*pro hac vice forthcoming*)
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Tel: 414-482-8000
Fax: 414-482-8001
Email: sademi@ademilaw.com
jfruchter@ademilaw.com